UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARK J. SARRO,

            Plaintiff,

  -against-

BUREAU OF COLLECTION RECOVERY,
Inc.

           Defendant.
-----------------------------------------------------------x

08 CIV. 3944

BRIEANT

## COMPLAINT

### AS AND FOR A FIRST CAUSE OF ACTION

*Introduction*

1. Plaintiff seeks redress for the illegal practices of Bureau of Collection Recovery, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York who resides within the State of New York.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Verizon Wireless.

4. Defendant's principal place of business is located in Eden Prairie, Minnesota.

5. Upon information and belief, defendant is a foreign business corporation licensed within the State of New York and doing business under license number NYCDCA #1150415.

1

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

10. On information and belief, on a date better known by defendant, defendant began attempting to collect a debt allegedly owed by the plaintiff to Verizon Wireless.

11. Beginning in or about April 2007 and continuing into May 2007, defendant sent collection letters to the plaintiff, Mark Sarro in furtherance of the collection of the purported debt.

12. During May of 2007, on two occasions, and one week apart, one of defendant's collection representatives called the plaintiff's husband and spoke with Hanora Sarro, the wife of the plaintiff.

13. The collection representative stated: "Hi, I am Jenny and I need to speak with Mark."

14. When Ms. Sarro asked what the call was about each representative refused to tell her, and simply stated the call was "personal" in nature. In fact, she refused to use her last name and explain the nature of the call.

15. The collection representative clearly intended to deceive, mislead, and coerce Ms. Sarro into thinking that plaintiff was involved with her in something other than a business capacity.

16. Upon information and belief, the defendant's collection representatives falsely stated they were an acquaintance and/or intimated that each were a paramour of the plaintiff during the conversations with Ms. Sarro.

17. The defendant's collection representatives each attempted to obtain information about the plaintiff using false pretenses.

18. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) The defendants violated 15 U.S.C. § 1692 by engaging in conduct in connection with the collection of debt, the natural consequence of which harassed, oppressed the plaintiff.

   (b) The defendants violated 15U.S.C. § 1692d(2) by using language concerning plaintiff's location information, the natural consequence was to abuse the hearer.

   (c) The defendants violated 15 U.S.C. § 1692e(10) by using false, deceptive, and misleading means, in connection with the collection of an alleged debt.

19. As a result of the above violation of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory damages to be determined at trial, plus costs and attorney's fees.

   **WHEREFORE**, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

   (a) Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c) For such other and further relief as may be just and proper.

Dated: Westchester, New York
April 25, 2008

                                      McDonough Marcus Cohn Tretter
                                        Heller & Kanca, L.L.P.

                                      By: Michael J. Raneri (MJR-5007)
                                      *Attorneys for the Plaintiff*
                                      145 Huguenot Street
                                      New Rochelle, New York 10801
                                      (914) 632-4700